IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Wayne Melvin Sisco, | ) |
|               Plaintiff, | ) |
| vs. | ) Case No. 03:06-mc-11 |
| City of Gersham, OR; Hertz Corporation; Yuba County, CA; Northwestern Towing Corporation, OR; Gary Zmolek; Christine Greguire, | ) |
|               Defendants. | ) |

FILED MAY 2 2006 EDWARD J. KLECKER, CLERK U.S. DISTRICT COURT-NORTH DAKOTA

### REPORT AND RECOMMENDATION

Before the court is plaintiff's request to proceed *in forma pauperis* (IFP) (Doc. #1) and accompanying complaint, as well as a "Motion for order to Compel compliance with Automatic Stay of Adjudication nunk pro tunk" [sic]. The above caption reflects the defendants as named by plaintiff.

After carefully reviewing all of plaintiff's submissions, the magistrate judge **RECOMMENDS** plaintiff's complaint be **DISMISSED** and his IFP motion be **DENIED AS MOOT**. This court does not appear to have personal jurisdiction over several defendants in this matter, including the City of Gersham, Yuba County, Gary Zmolek, and Christine Greguire. The exercise of jurisdiction over defendants must satisfy the due process clause of the Fourteenth Amendment. Drayton Enters. v. Myron Dunker & Value-Added Prods., 142 F. Supp. 2d 1177, 1182 (D.N.D. 2001). Due process requires that the defendants have "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair

1

play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(omitting citations and quotations); see also Drayton, 142 F. Supp. 2d at 1182.

Upon review of Sisco's complaint, it is clear that Sisco's allegations involve officials, cities, and entities in the states of Washington, Oregon, and California. Although the court had difficulty determining the precise nature of Sisco's claims, it does not appear that exercise of jurisdiction over the defendants named in this matter meets the due process requirement as set forth above. Because this court finds no "minimum contacts," it need not undertake discussion on general versus specific jurisdiction, nor advance to a discussion on venue. Under 28 U.S.C § 1406, a court can dismiss or transfer a case where there is a lack of personal jurisdiction. Drayton, 142 F. Supp. 2d at 1186-87 (stating that 28 U.S.C. §1406, which allows a court to dismiss or transfer a case in which venue is laid in the 'wrong division or district,' applies whenever there is an impediment preventing the court from proceeding to trial on the merits, and that lack of personal jurisdiction satisfies this standard) (omitting citations and quotations); see also Mayo Clinic v. Kaiser, 383 F.2d 653, 655-56 (8th Cir. 1967).

As for the remaining defendants, Hertz Corporation and Northwestern Towing, the court cannot determine the jurisdictional basis from the face of the complaint. Plaintiff appears to be alleging violation of his civil rights, arising from the actions of an administrative agency. Hertz Corporation and Northwestern Towing do not appear to be state actors, nor does the complaint set forth any discernable claim against them. Therefore, the complaint fails to state a claim for which relief can be granted against these defendants.

Accordingly, the interests of justice require this court to dismiss Sisco's complaint. This dismissal does not prevent Sisco from refiling his IFP application and complaint in the

appropriate court.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint and cause of action be **DISMISSED WITHOUT PREJUDICE**, and that his application to proceed IFP be **DENIED AS MOOT. IT IS FURTHER RECOMMENDED** that plaintiff's "Motion for order to Compel compliance with Automatic Stay of Adjudication nunk pro tunk" [sic] **BE DENIED AS MOOT**.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this _1st_ day of ~~April~~ May 2006.

Karen K. Klein
United States Magistrate Judge