IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Wayne Melvin Sisco, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | |
| | ) | Case No. 3:06-mc-11 |
| City of Gersham, OR; Hertz Corporation; | ) | |
| Yuba County, CA; Northwestern Towing | ) | |
| Co., OR; Gary Zmolek, Christine Greguire, | ) | |
| | ) | |
| Defendants. | ) | |

Before this Court is Plaintiff's request to proceed *in forma pauperis* and accompanying complaint (doc. #1), as well as a "Motion for order to Compel compliance With Automatic Stay of Adjudication nunk pro tunk [sic]" (doc. #1). Magistrate Judge Karen K. Klein has reviewed the request and motion, as well as the supporting documentation, and has provided this Court with a Report and Recommendation (doc. #2).

Defendant's compliant contains allegations involving officials, cities, and entities in the States of California, Oregon, and Washington, specifically Gary Zmolek, Christine Greguire, the City of Gersham and Yuba County. The Court does not have jurisdiction over these officials and entities.

The Court's exercise of jurisdiction must comport with the dictates of the Due Process Clause of the Fourteenth Amendment. Drayton Enters. v. Myron Dunker and Value-Added Prods., 142 F. Supp. 2d 1177, 1182 (D.N.D. 2001). Due process requires that the named Defendants have "minimum contacts" with North Dakota, so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945). Plaintiff's precise claims are, at best, difficult to discern, but it is clear that they do not contain allegations that the Defendants are in any way tied to this state. The only Defendant that

could arguably be said to have any connection to North Dakota would be the Hertz Corporation, and Defendant has failed to allege any colorable claim against it. As such, the Court is convinced that it may not properly exercise personal jurisdiction over the Defendants.

A court may dismiss a case for lack of jurisdiction or, alternatively, may transfer the action when it furthers the interests of justice. 28 U.S.C. § 1406. Court does not find transfer to the appropriate course in the instant case, as Defendant alleges claims against both California and Oregon entities. Therefore, Dismissal without prejudice is therefore appropriate, and it would further allow Plaintiff to refile his claims in the appropriate jurisdiction.

Plaintiff has filed an objection to Magistrate Judge Klein's Report and Recommendation (doc. #4). The body of the objection consists of nothing more than a string of "legalese" phrases, with no succinct or cogent statement of the Plaintiff's objection. Plaintiff has further filed a Motion for a Writ of Habeas Corpus which, as best as this Court can decipher, is requesting that this Court appoint a federal public Defender to represent Plaintiff in a suit relating to the towing and/or impounding of his vehicle, presumably in the city of Gersham. Plaintiff, however, is in neither federal nor state custody. The Court thus views this as a second objection to Magistrate Judge Klein's Report and Recommendation. Like the first, the Court finds the second objection to be without merit, as is appropriately denied.

Upon review of the pleadings and the supporting documents, the Court adopts Magistrate Judge Klein's Report and Recommendation in its entirety. Plaintiff's complaint and cause of action are hereby **DISMISSED WITHOUT PREJUDICE**, and his accompanying application to proceed *in forma pauperis* is **DENIED AS MOOT**. Plaintiff's Motion for order to Compel compliance With Automatic Stay of Adjudication nunk pro tunk" [sic] is similarly **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2007.

/s/  Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court